DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2018-95 |
| ) | |
| KAC 357 INC. d/b/a PLAZA EXTRA ) | |
| SUPERMARKET and WALEED MOHAMMED ) | |
| HAMED ) | |
| ) | |
| Defendants. ) | |

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
   *Pro se plaintiff,*

**Mark W. Eckard**
Hamm & Eckard, LLP.
Christiansted, U.S.V.I.
   *For KAC 357 Inc. and Waleed Mohammed Hamed.*

<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court are the requests of Wilnick Dorval for a preliminary injunction and permanent injunction.

On November 9, 2018, Wilnick Dorval ("Dorval") commenced this civil action by filing a complaint in this Court. The Complaint names KAC 357 Inc. d/b/a Plaza Extra Supermarket ("KAC") and Waleed Mohammed Hamed ("Hamed") as defendants.

Dorval alleges that Plaza Extra Supermarket ("Plaza Extra") is a grocery store located in St. Thomas, U.S. Virgin Islands,

which is owned by Hamed. Dorval alleges that on several occasions between January and November, 2016, while he was shopping at Plaza Extra, employees attempted "to harass and intimidate [Dorval] . . . because [he] [is] black and from Haiti." *See* Complaint at ¶ 4.5, ECF No. 1. Dorval further alleges that at the end of the month of November, Hamed refused to sell Dorval groceries--instructing a cashier not to ring up Dorval's groceries.

Dorval alleges six causes of action against both KAC and Hamed: (1) a 42 U.S.C. § 1981 claim; (2) a 42 U.S.C. § 2000(a) claim; (3) a 10 V.I.C. § 64 claim; (4) a negligence and gross negligence claim; (5) a claim captioned "Aiding and Abetting"; and (6) an intentional infliction of emotional distress claim.

On December 15, 2018, Dorval filed a motion for a preliminary injunction and a permanent injunction.

On May 10, 2019, the Magistrate Judge entered a trial management order. *See* ECF No. 33. That order set a trial in this matter for January 22, 2020, before the Court.

The Court may grant a preliminary injunction only if the plaintiff shows: (1) a reasonable probability of success on the merits; (2) irreparable injury will occur to the appellant if the relief is not granted; (3) less harm will result to the non-movants if the relief is granted than to the movant if the

relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. *Civil Liberties Union of New Jersey v. Black Horse Pike Reg. Bd. of Educ.,* 84 F.3d 1471 (3d Cir. 1996); *see also Bieros v. Nicola*, 857 F. Supp. 455, 456 (E.D. Pa. 1994) (noting that the standards for issuing a temporary restraining order are identical to those for the issuance of a preliminary injunction). "The burden lies with the [movant] to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonably Superstore, LLC,* 428 F.3d 504, 508 (3d Cir. 2005).

Federal Rule of Civil Procedure 65 provides in pertinent part: "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2).

The premises considered; it is hereby

**ORDERED** that an evidentiary hearing on Dorval's motion for a preliminary injunction, ECF No. 6, is hereby **SCHEDULED** to commence promptly at 9:00 A.M. on October 30, 2019; it is further

**ORDERED** that the trial on the merits in this matter previously scheduled for January 22, 2020, is hereby **ADVANCED**

*Dorval v. KAC 357 Inc., et al*
Civ. No. 2018-95
Order
Page 4

and **CONSOLIDATED** with the evidentiary hearing on the preliminary injunction; and it is further

**ORDERED** that the motion for a preliminary injunction, ECF No. 6, is held in abeyance pending the outcome of the evidentiary hearing.

S\_____
**Curtis V. Gómez**
**District Judge**