NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,

    Plaintiff,

v.

KAC 357 INC. d/b/a PLAZA EXTRA SUPERMARKET and WALEED HAMED,

    Defendants.

Civ. No. 18-95

OPINION

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Judgment on the Pleadings by Plaintiff Wilnick Dorval ("Plaintiff"). (ECF No. 15.) Plaintiff also moves for a temporary restraining order, preliminary injunction, and permanent injunction. (Mot. at 12–13, ECF No. 15.) Defendants KAC 357 Inc. d/b/a Plaza Extra Supermarket ("Plaza Extra Supermarket") and Waleed Hamed (collectively, "Defendants") do not oppose the Motion. For the reasons stated herein, Plaintiff's Motion is denied. Plaintiff's request for injunctive relief will be heard at the evidentiary hearing consolidated with the trial on the merits.

## BACKGROUND

This case arises out of Defendants' alleged discrimination against Plaintiff in November 2016. (Compl. ¶¶ 4.1–4.9, ECF No. 1.) Plaintiffs allege that, while Plaintiff was shopping at

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Defendant Plaza Extra Supermarket's store, Defendant Plaza Extra Supermarket's employees blocked him from walking down the aisles, "lung[ed] at [Plaintiff]," and used their cell phones to record Plaintiff in the store. (*Id.* ¶ 4.5.) Plaintiff also alleges that Defendant Waleed Hamed, who Plaintiff claims is the manager of Defendant Plaza Extra Supermarket, instructed Defendant Plaza Extra Supermarket's cashier not to sell groceries to Plaintiff, who is a black, Haitian-born citizen of the United States. (*Id.* ¶¶ 4.8, 5.1.3.)

Plaintiff filed the Complaint on November 9, 2018. (ECF No. 1.) The Complaint alleges six counts: (1) violations of 42 U.S.C. § 1981 *et seq.* and 10 V.I.C. § 64 *et seq.* (Compl. ¶¶ 5.1.1–5.1.9); (2) violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.* (Compl. ¶¶ 5.2.1–5.2.3); (3) violations of 10 V.I.C. § 64 *et seq.* (Compl. ¶¶ 5.3.1–5.3.6); (4) negligence and gross negligence (Compl. ¶¶ 5.4.1–5.4.6); (5) aiding and abetting of harassment (Compl. ¶¶ 5.5.1–5.5.5); and (6) intentional infliction of emotional distress (Compl. ¶¶ 5.6.1–5.6.6).

After the Court granted Defendants' Motion for an Extension of Time to Answer until March 5, 2019 (ECF No. 11), Defendants submitted an Answer to the Complaint on March 8, 2019 (ECF No. 12). In the Answer, Defendants deny that Defendant Plaza Extra Supermarket's employees harassed and intimidated Plaintiff, blocked the aisles of the store to prevent Plaintiff from walking down the aisles, lunged at Plaintiff, and used their cell phones to record Plaintiff while he was at Defendant Plaza Extra Supermarket. (Answer ¶¶ 4.5, 5.4.3, ECF No. 12.) Defendants also deny that Defendant Waleed Hamed instructed Defendant Plaza Extra Supermarket's cashier not to sell groceries to Plaintiff (*id.* ¶¶ 4.8, 5.1.5, 5.4.4, 5.5.4, 5.6.3), and further deny that Defendants discriminated against Plaintiff because of his race (*id.* ¶¶ 5.3.5).

On December 15, 2018, Plaintiff filed a Motion for a preliminary injunction and/or permanent injunction. (ECF No. 6.) The Court scheduled an evidentiary hearing and

consolidated that hearing with the trial on the merits. (ECF No. 47.) In addition to seeking judgment on the pleadings, the present Motion also seeks a temporary restraining order, preliminary injunction, and permanent injunction. (Mot. at 12–13.) Consistent with the Court's previous Order (ECF No. 47), the evidentiary hearing for injunctive relief is consolidated with the trial on the merits.

Plaintiff filed a Motion for Judgment on the Pleadings on March 10, 2019. (ECF No. 15.) Defendants did not oppose the Motion. The Motion is presently before the Court.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will not be granted unless the movant 'clearly establishes there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law.'" *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In deciding a Rule 12(c) motion, [the Court] does not consider matters outside of the pleadings." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004); *see also Bedoya*, 914 F.3d at 816 n.2. "In considering a motion for judgment on the pleadings, [the Court] must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party . . . ." *Bedoya*, 914 F.3d at 816 n.2 (citation omitted).

## DISCUSSION

Defendants' account of the facts of this case directly contradicts Plaintiff's account. The parties disagree as to whether Defendant Plaza Extra Supermarket's employees harassed or intimidated Plaintiff, blocked the aisles of the store, lunged at Plaintiff, or used their cell phones to record Plaintiff in Defendant Plaza Extra Supermarket. (*Compare* Compl. ¶¶ 4.5, 5.3, *with*

Answer ¶¶ 4.5, 5.3.) The parties further disagree as to whether Defendant Waleed Hamed directed Defendant Plaza Extra Supermarket's cashier to refuse to sell groceries to Plaintiff. (*Compare* Compl. ¶ 4.8, *with* Answer ¶ 4.8.) Defendants' factual disagreements undermine the most significant bases of each count of the Complaint. (*See* Answer ¶¶ 5.1.4–5.1.5, 5.2.1, 5.3.1, 5.4.3–5.4.4, 5.5.4, 5.6.2–5.6.3.) Accordingly, Plaintiff has not established that no material issues of fact exist, nor that Plaintiff is entitled to judgment as a matter of law. *See Bedoya*, 914 F.3d at 816 n.2.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Judgment on the Pleadings is denied and any injunctive relief sought in the present Motion will be heard at the evidentiary hearing consolidated with the trial on the merits. An appropriate Order will follow.


Date: <u>November 22, 2019</u>  */s/ Anne E. Thompson*
                                                                  ANNE E. THOMPSON, U.S.D.J.